UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JESUS GONZALEZ,

Defendant.

---

22-CR-293 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On March 11, 2024, Defendant Jesus Gonzalez, proceeding *pro se*, filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively. (ECF No. 401.) The Government filed an opposition to Gonzalez's motion on March 16, 2024. (ECF No. 406.)

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court must first "determine the amended guideline range that would have been applicable to the defendant if" the Amendment "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). A reduction of sentence is not authorized if the relevant amendments do not lower the defendant's applicable Guidelines range. *See id.* § 1B1.10(a)(2). U.S.S.G. § 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."

Gonzalez's original Guidelines range was 84 months to 105 months, and the Court imposed a sentence of 84 months of imprisonment. (ECF No. 380 at 2, 27.) Part A of

Amendment 821 alters a provision of the Guidelines that applies additional criminal history points for those who committed the offense while subject to a criminal justice sentence. Gonzalez is eligible for a recalculation of status points under Part A, and his amended Criminal History Category is IV under Amendment 821, in comparison to his original Criminal History Category of V. (*Id.* at 2-3.) For the purposes of its opposition, the Government assumes that Gonzalez is eligible for resentencing under Part A of Amendment 821. (*See* ECF No. 406 at 2.) Gonzalez's amended Guidelines range is 70 months to 87 months. (ECF No. 380 at 3.)

Although Gonzalez is eligible for resentencing because his new Guidelines range is lower than his original Guidelines range, the Court concludes that resentencing is unwarranted. Even when a defendant is eligible for resentencing under Amendment 821, Section 1B1.10 directs courts to "consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 app. note 1(B)(i). As the Court explained at sentencing, the Gonzalez's criminal conduct was very serious, as it involved the sale of fentanyl in association with a violent gang. (ECF No. 338 at 15; ECF No. 406 at 3.) Gonzalez also has a significant criminal history that includes offenses such as robbery and the introduction of dangerous contraband into prison. (ECF No. 380 at 20-23.) And Gonzalez participated in a violent gang-related assault of another MDC inmate while he was awaiting sentencing. (ECF No. 338 at 16; ECF No. 406 at 3.) Finally, Gonzalez's original sentence of 84 months' imprisonment still falls squarely within his amended Guidelines range of 70 to 87 months. That sentence continues to be necessary to comply with the statutory purposes of reflecting the seriousness of the offense, promoting respect for the law, ensuring adequate deterrence to criminal conduct, and protecting the public. (ECF No. 338 at 15.) The Court therefore concludes that the factors under Section 3553(a) do not warrant resentencing Gonzalez.

For the foregoing reasons, Gonzalez's motion is denied. The Clerk of Court is directed to close the motion at ECF No. 401 and to mail a copy of this Order to:

> Jesus Gonzalez
> Register No. 18100-510
> FCI Allenwood Medium
> Federal Correctional Institution
> P.O. Box 2000
> White Deer, PA 17887

SO ORDERED.

Dated: April 29, 2024
      New York, New York

_____
J. PAUL OETKEN
United States District Judge